IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-799-FL

| | |
|---|---|
| JOHN EWING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for review of Plaintiff John Ewing's ("Plaintiff") complaint [DE-1] pursuant to 28 U.S.C. § 1915A in accordance with 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, this court RECOMMENDS Plaintiff's complaint be DISMISSED.

## I. PROCEDURE AND PLAINTIFF'S COMPLAINT

This case involves a *pro se* prisoner plaintiff who filed a complaint and motion to proceed *in forma pauperis* on November 18, 2013. [DE-1, 2].[1] On November 20, 2013, Plaintiff's motion was deemed deficient by the court and Plaintiff was ordered to submit materials to bring his filings into compliance. [DE-3]. On December 2, 2013, Plaintiff filed a Prisoner Trust Fund Account Statement. [DE-4]. On December 9, 2013, the court issued an order allowing Plaintiff's motion to proceed without payment of fees and directing that monthly payments be made from Plaintiff's prison account for the purpose of paying the filing fee in this

---

[1] Plaintiff previously filed a complaint against the Federal Bureau of Investigation containing claims similar to the ones now before the court which was dismissed as frivolous. *See Ewing v. Federal Bureau of Investigation*, ("*Ewing I*") No. 5:11-CV-344-FL, 2011 WL 6034615 (E.D.N.C. Sept. 30, 2011), *mem. & recommendation adopted*, 2011 WL 6034614 (E.D.N.C. Dec. 5, 2011).

civil case in accordance with 28 U.S.C. § 1915(b)(1). [DE-5].

According to Plaintiff, all employees of the Federal Bureau of Investigation "have used their jobs to withhold funds" from him in the civil case of *John Ewing v. Jewels, Eisners Inc. d/b/a et al.* case No. 88-L-389, in the Sixth Judicial Circuit Court of Champaign, Illinois, in which all FBI employees have a conflict of interest. [DE-1] at 1, 2. According to Plaintiff the withholding of these funds violates his Fourteenth Amendment right to privacy and due process of law. *Id.* at 2. Plaintiff seeks $200,000,000.00 in damages and equitable relief. *Id.* at 1. Plaintiff claims further that Defendant violated Plaintiff's rights under the Fourteenth Amendment "through computer crime by using the Cray I and Cray II supercomputers for mind reading of Plaintiff" and further violated his right to privacy. *Id.* Plaintiff alleges Defendant violated his Fourth Amendment rights against unlawful search and seizure "of his papers and documents." *Id.* According to Plaintiff, Defendants have violated his "attorney work product through mind reading with and through computers" and have violated the Thirteenth Amendment though Plaintiff's enslavement. *Id.* at 2.

On December 19, 2013, Plaintiff filed a "Motion in Support of Petition" in which, construed as an amendment to his complaint, Plaintiff alleges that the FBI has "held back" funds sent to Plaintiff by his family in order "to keep him without funds to litigate in suit they knew was coming." [DE-6] at 1. Plaintiff states further that he has been "put to slavery by others." *Id.* Plaintiff seeks all funds withheld by the FBI. *Id.*

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act of 1996 ("PLRA") limits the ability of prisoners to file civil actions without prepayment of filing fees. *See* 28 U.S.C. § 1915A. The PLRA requires the district court to engage in a preliminary screening process of any complaint in which a prisoner

2

seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review of Plaintiff's complaint under the PLRA, the court must identify "cognizable claims or dismiss the complaint, or any portion of the complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'") (citations omitted). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

3

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff's claims regarding the FBI withholding funds and violating his "attorney work product" are materially similar to the claims he has previously attempted to assert before this court, and, as before, these allegations fail to allege an arguable basis in either fact or law. *See Ewing I*, 2011 WL 6034615, at *3-4, *mem. & recommendation adopted*, 2011 WL 6034614, at *1. Furthermore, Plaintiff's allegations regarding the use of computers to read his mind depriving him of his constitutional rights and right to privacy lack an arguable basis in fact as they are "so nutty, delusional, or wholly fanciful as to be simply unbelievable." *See McLean*, 566 F.3d at 399 (internal quotations and citations omitted). Plaintiff's charge of enslavement

4

likewise has no logical basis in fact, and, as with the entirety of Plaintiff's allegations, consist wholly of conclusions lacking sufficient factual matter accepted as true to state a claim to relief that is plausible. For these reasons, Plaintiff's complaint should be dismissed as frivolous and for failing to state a claim for relief.

## IV. <u>CONCLUSION</u>

For the reasons stated above, this court RECOMMENDS that the underlying complaint be DISMISSED.

The Clerk shall send copies of this Order and Memorandum and Recommendation to Plaintiff, who has fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar the aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court. Subject to the same requirements for making timely appeal to the District Court, the aggrieved party may challenge this court's order on grounds that the order is clearly erroneous.

Submitted, the 24th day of December 2013.

Robert B. Jones, Jr.
United States Magistrate Judge

5